[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 29, 2007
THOMAS K. KAHN
CLERK

No. 06-16313
Non-Argument Calendar
_____

D. C. Docket No. 04-00226-CR-LC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSIE SCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 29, 2007)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

For a second time, Jessie Scott appeals his 120-month prison sentence for

threatening a federal official in violation of 18 U.S.C. § 115(a)(1)(B). In a prior published decision, we vacated a sentence of equal length that the district court imposed earlier. See United States v. Scott, 441 F.3d 1322, 1329–30 (11th Cir. 2006).

The facts are set forth in great detail in our previous published decision. See Scott, 441 F.3d at 1324–26. Nevertheless, a brief recitation of the facts pertinent to this appeal is necessary. On September 14, 2004, while serving his sentence for carjacking, Scott mailed a threatening letter to Judge Charles R. Butler of the United States District Court for the Southern District of Alabama, the judge who had sentenced him following his carjacking conviction. The letter instructed Judge Butler "to watch [his] back Every Step Of The Way" because "I Will Get you Killed One Day." The letter was signed "TIME BOMb." Scott wrote to Judge Butler again on September 19, 2004, enclosing a second threatening letter, as well as an additional envelope. This additional envelope contained a third letter that included a threat to kidnap Judge Butler's children, along with a white powder which was eventually identified as a cleaning substance.

Judge Butler's staff alerted the Marshals Service. The Federal Bureau of Investigation interviewed Scott in prison on September 23, 2004. During the interview Scott acknowledged sending the letters. When asked if he intended to

make good on these threats upon release from prison, Scott stated: "There are a lot of people that I want to do something to, but I have not made up my mind when or where I will do it." In response to the agents' further questioning, Scott just smiled.

On November 17, 2004, a grand jury handed down a six-count indictment against Scott. Scott then pleaded guilty to threatening a federal official in violation of 18 U.S.C. § 115(a)(1)(B) and filed a "factual resume" admitting the elements of the offense.

After determining the guidelines range and applying the § 3553(a) factors, the district court imposed a 120-month sentence. Scott appealed and we vacated the sentence because we concluded that the district court had misinterpreted the guidelines, calculating a range of 70 to 87 months. See Scott, 441 F.3d at 1325. We determined that the correct guidelines range was 37 to 46 months. See id. at 1329–30. Because the "step from 46 months to 120 months is significantly greater than the step from 87 months to 120 months", we were reluctant to "say that the court, had it known of the appropriate range, would have sentenced Scott to the same severe sentence." Id. at 1330. Accordingly, we vacated the sentence and remanded for resentencing. Id.

On remand, the district court once again imposed a 120-month sentence,

incorporating its application of the § 3553(a) factors from the first sentence hearing. The court emphasized the severity of Scott's offense, characterizing it as "an attack on the judicial system, which is the very glue that holds this civilized society together." The district court also cited the "general goals of punishment" and of deterrence as rationales for the sentence.

On appeal, Scott argues that his sentence is procedurally unreasonable because: (1) the district court, whose primary justification for the sentence was to deter others from committing similar crimes, did not cite any authority demonstrating that his lengthy sentence would have a deterrent effect on others; (2) the district court on remand failed to meaningfully consider the corrected guideline range; (3) the district court's act of resentencing Scott to the same prison term does not promote respect for the law because it sends the message that a successful appeal "is a meaningless endeavor"; and (4) the district court failed to consider Scott's "traumatic" personal history and compared Scott to non-offenders rather than to similarly-situated defendants.

Scott also asserts that his sentence is substantively unreasonable because: (1) the large deviation from the guideline range was not supported by compelling circumstances as the threats against the judge were largely preposterous and were the product of his "disturbed mind"; (2) specific deterrence of Scott would be

4

better provided through mental health services; and (3) we have reversed below-guideline sentences where the variance was similar to the one in this case and should attempt to have "even-handed standards of reasonableness" for upward and downward variances.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). Our review for reasonableness is deferential. United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006). Unreasonableness may be procedural, such as occurs when the procedure the district court used does not meet the requirements found in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), or it may be substantive in nature. See United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). After Booker, a district court, in determining a reasonable sentence, must consider the correctly calculated advisory guideline range and the factors set forth in 18 U.S.C. § 3553(a). United States v. Valnor, 451 F.3d 744, 749 (11th Cir. 2006). After correctly calculating the advisory guideline range, the district court may impose a more severe or lenient sentence, so long as the resulting sentence is reasonable. Id. at 750.

In reviewing a sentence for reasonableness, we consider the factors outlined in § 3553(a) and the district court's reasons for imposing a particular sentence.

United States v. Williams, 456 F.3d 1353, 1360–61 (11th Cir. 2006), cert. dismissed, 127 S. Ct. 3040 (2007).  The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the sentencing guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; (7) and the need to provide restitution to victims.  See 18 U.S.C. § 3553(a)(1)-(7).  "[T]here is a range of reasonable sentences from which the district court may choose[,]" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Here, the sentence imposed by the district court was procedurally reasonable.  At the initial sentence hearing, the district court discussed the § 3553(a) factors at great length, and it incorporated that analysis during the sentence

6

hearing following remand. At the second sentence hearing, the district court also considered the correct guidelines range of 37 to 46 months, as well as the advisory nature of the guidelines. Additionally, the court acknowledged Scott's disadvantaged and troublesome upbringing, but found that his "violent past behavior" and inability to begin "the process of disengaging from his previously learned inappropriate social behavior" weighed in favor of the statutory maximum sentence. Moreover, the court stated that the sentence was appropriate given the extremely serious nature of the offense and the need to protect the public from Scott. Further, the district court noted that the sentence would deter others from committing similar crimes. The district court was not required, as Scott argues, to cite authority for the proposition that lengthy sentences deter criminal conduct; it is enough that deterrence is one of the § 3553(a) factors. See 18 U.S.C. § 3553(a)(2)(B). Finally, the district court observed that Scott should be able to obtain the substance abuse treatment and mental health care that he requires while serving his sentence.

The district court's decision to impose the same sentence on remand does not, as Scott suggests, send the message that a successful appeal "is a meaningless endeavor." At the outset of the second sentence hearing, the district court acknowledged the correct guidelines range and then proceeded with its discussion

7

of the § 3553(a) factors. Furthermore, we explicitly allowed for the imposition of the same sentence after remand in our prior published decision in this case. See Scott, 441 F.3d at 1330 ("In vacating the sentence and remanding for a new sentence proceeding, we do not mean to imply that the district court on remand cannot reach the same sentence as it did before, provided that it corrects the one error identified in this opinion."). Indeed, we also noted "that if it had wished to do so the district court could have stated that it would reach the same sentence regardless of how the disputed [guidelines] issue was decided. A statement like that would have convinced us the error was harmless." Id. (citing United States v. Williams, 431 F.3d 767, 775 (11th Cir. 2005) (Carnes, J., concurring)); see also United States v. Keene, 470 F.3d 1347, 1348–49 (11th Cir. 2006) (inviting district courts to indicate that they would reach the same sentence even if a guidelines calculation were incorrect if the court conducts an appropriate analysis of the § 3553(a) factors and noting such sentences would be upheld if on review, the sentence is reasonable). Because the district court carefully considered the correct advisory guideline range and the § 3553(a) factors in reaching its decision, the sentence is procedurally reasonable.

The 120-month sentence is also substantively reasonable. Scott's offense was particularly serious. He threatened to kill a federal judge and suggested that

8

he would employ explosives to accomplish the task. He also threatened to kidnap the Judge's children and included a suspicious substance with the threatening letter. These threats cannot be dismissed as "jailhouse banter" or merely the inconsequential product of a disturbed mind. They were specific, and when questioned by federal agents Scott did not disavow the threats. Instead, he gave a cryptic response to the agents' questions and smiled at them.

Scott's argument that future criminal conduct by him would be better prevented by treatment than incarceration is unpersuasive. It is not an "either or" proposition. As the district court noted during the sentence hearing, the Bureau of Prisons should provide treatment options to address his substance abuse problem and mental health issues. Scott can avail himself of these services during the 120-month period of incarceration and afterward while on supervised release.

Finally, Scott's argument that we have reversed as unreasonable the imposition of below-guidelines sentences with variances smaller than the upward variance in this case misses the point of individualized sentences. At each sentence proceeding, the district court must analyze the § 3553(a) factors with regard to a defendant's own characteristics and the specific crime involved. Neither Booker nor any other decision require that we compare the variance in this case to variances in cases involving different crimes and defendants with different

characteristics. The aim of the sentencing guidelines is to produce consistency across sentences for similar crimes committed by defendants with similar characteristics. See Booker, 543 U.S. at 254 (observing that "the sentencing statute's basic aim [is] ensuring similar sentences for those who have committed similar crimes in similar ways"). That we have reversed other sentences for dissimilar crimes committed by dissimilar defendants is of no moment.

**AFFIRMED.**